## FOURTH DEPARTMENT, JANUARY, 1935.

FREDERICK A. MANN, Appellant, v. GEORGE SCHNEEBERGER, Individually and as Superintendent of Highways of the Town of Irondequoit, Monroe County, New York, Respondent. ▌— Order affirmed, with ten dollars costs and disbursements. All concur. (Order denied plaintiff's motion for leave to file a supplemental complaint.)

LULA SWANAY, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Appeal dismissed, without costs, except disbursements, on stipulation.

MATHILDA WITTWER, as Executrix, etc., of GOTTFRIED WITTWER, Deceased, Respondent, v. FRANK E. GOLDSTEIN, Defendant, and THE SYRACUSE TRUST COMPANY, as Executor, etc., of HENRY FRANK, Deceased, Appellant.— Judgment affirmed, with costs. All concur. (The judgment affirmed a Municipal Court judgment for plaintiff for amount of bond secured, when given, by a second mortgage, where first mortgage had been foreclosed barring the lien of plaintiff's mortgage.)

JOHN A. PARKS, as Trustee for Certain Contract Holders and Certificate Owners of the MUTUAL BENEFIT LEAGUE OF NORTH AMERICA, Appellant, v. HICKMAN & SQUIRE, INCORPORATED, and Another, Respondents.— Judgment affirmed, with costs. All concur. (The judgment dismissed the complaint in an action upon a lease.)

GRACE E. STONE, as Limited Administratrix, etc., of BERNICE B. STONE, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order affirmed, with costs. All concur, except Crosby, J., who dissents and votes for reversal on the law and for dismissal of the complaint on the ground that by the terms of the application itself there was no insurance unless the policy was actually issued. (The judgment awards recovery upon two life insurance policies. The order denies a motion for a new trial on the minutes.)

STANLEY A. SEKULA, as Executor, etc., of MIHAL MORYTO, Sometimes Known as MICHAEL MORYTO, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment holds plaintiff entitled only to return of premiums upon two life insurance policies.)

JOSEPHINE V. DONATELLI, Respondent, v. JOSEPH M. DONATELLI, Appellant.— Order reversed on the law, with costs, and motion denied, with ten dollars costs. Under the terms of rule 224 of the Rules of Civil Practice the order for a new trial must be construed as having been made upon exceptions taken during the trial. We have examined all of the exceptions and find them without merit. All concur. (The order granted a new trial in an automobile negligence action.)

AMELIA DONATELLI, an Infant, by ANGELINE FALCONIO and Others, General Guardians, Respondent, v. JOSEPH M. DONATELLI, Appellant.— Order reversed on the law, with costs, and motion denied, with ten dollars costs. Under the terms of rule 224 of the Rules of Civil Practice the order for a new trial must be

construed as having been made upon exceptions taken during the trial. We have examined all of the exceptions and find them without merit. All concur. (The order granted a new trial in an automobile negligence action.)

FREDERICK A. MANN, Appellant, v. WALTER MAJOR, Individually and as Superintendent of Highways of the Town of Irondequoit, Monroe County, New York, Respondent.█— Judgment affirmed, with costs. We find adequate support in the evidence for the finding of the Special Term that defendant Schneeberger [predecessor of the defendant Major] has not, either as town superintendent of highways of the town of Irondequoit or individually, obstructed or changed the grade of any portion of Indian Trail avenue. All concur. (The judgment dismisses the complaint in an action to compel removal of obstruction from a private way leading to plaintiff's property.)

MARY MISAK, Appellant, v. AUGUSTUS THIBAUDEAU, Respondent.— Judgment affirmed, with costs, on the authority of *Adams* v. *Metropolitan St. R. Co.* (82 App. Div. 354); *Poland* v. *United Traction Co.* (107 id. 561); *Powers* v. *Conn. Co.* (82 Conn. 665); *Gargan* v. *West End St. R. Co.* (176 Mass. 106). All concur, except Sears, P. J., who dissents and votes for reversal on the law and for granting a new trial. (The judgment dismisses the complaint in an action for damages for neglect in the prosecution of an action.)

H. A. BRASSERT & COMPANY, Respondent, v. CITY OF LACKAWANNA and Others, Defendants, and CUTHBERT E. REEVES, Appellant.— Judgment affirmed, with costs. All concur. (The judgment restrains defendants from divulging certain information.)

A. GARSON GOLDSTEIN, Appellant, v. GOLDSTEIN'S, INCORPORATED, Respondent, Impleaded with JACOB H. GOLDSTEIN and Others, Defendants.— Interlocutory judgment affirmed, with costs. All concur. (The interlocutory judgment awards respondent title to realty and directs an accounting.)

JOHN G. SATTLER, INCORPORATED, Respondent, v. GEORGE W. WALTERS and Others, Individually and as Executors, etc., of JOHN P. RUPP, Deceased, and Others, Appellants, Impleaded with Others.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies a motion to vacate a deficiency judgment in a mortgage foreclosure action.)

In the Matter of the Application of CARL HARVEY, Respondent, for a Peremptory Order of Mandamus agaist THOMAS E. BRODERICK and Others, as the Town Board of the Town of Irondequoit, Monroe County, New York, etc., Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur, except Sears, P. J., who dissents and votes for reversal and sustaining the objections and dismissing the petition on the ground that there is nothing in the record to show that the objections filed by the town board of the town of Irondequoit and particularly the first, second and third thereof, had been passed upon by the Special Term previous to the time that the objections were filed or presented when the order appealed from was entered, and on the ground that the petition and order of mandamus fail to show that the petitioner had ever been appointed to a position within the meaning of section 22 of the Civil Service Law; and except Taylor, J., who dissents and votes for reversal of the order upon the ground (a) that appellants were given no opportunity to file written objections in point of